```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 16-20628-CIV-MORENO
                                (06-20386-CR-MORENO)
                        MAGISTRATE JUDGE P.A. WHITE
```

KENTRELL J. MILLER,

    Movant,

vs.                              REPORT OF
                                MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

    Respondent.

_____/

## I. INTRODUCTION

Movant has filed a *pro se* motion to vacate under 28 U.S.C. § 2255, which attacks the constitutionality of his conviction and sentence in case no. **06-20386-Cr-Moreno**.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B)-(C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Proceedings for the United States District Courts.

The court has reviewed the operative § 2255 motion (Cv-DE#1), as well as the relevant records from this case and the underlying criminal case.[1] As discussed below, the motion should be denied.

---

[1] Courts may consider "the record of prior proceedings" to rule on a § 2255 motion. See Rule 4(b), Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (courts must review "the files and records of the case").

1

## II. BACKGROUND

On June 23, 2006, a federal grand jury indicted movant for one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Cr-DE#1-1. A jury found movant guilty. United States v. Miller, 262 F. App'x 226, 229 (11th Cir. 2008).[2]

A PSI was prepared in connection with sentencing. According to the PSI, movant has the following relevant prior state convictions:

- A 1998 conviction for resisting an officer with violence. PSI ¶ 25.

- A 2000 conviction for resisting an officer with violence. PSI ¶ 30.

- A 1999 conviction for aggravated assault on a police officer. PSI ¶ 32.

- A 1992 conviction for armed robbery. PSI ¶ 33.

Further, the PSI stated that, for a conviction under 18 U.S.C. § 924(e)(1), the statutory minimum sentence was 15 years. PSI ¶ 73.

On March 29, 2007, the district court held a sentencing hearing. Cv-DE#24-1. The parties agreed that movant had a criminal history score of IV and an offense level of 33, for a

---

[2] A copy of the Eleventh Circuit's decision affirming movant's conviction is also available at Cr-DE#64.

guidelines range of 188 to 235 months. Id. at 3; Cr-DE#64 at 10.[3]

"The district court expressed concern about [movant's] convictions for batteries on police officers, which it observed were serious offenses." Miller, 262 F. App'x at 230. "The district court detailed one of the prior offenses where the police tried to pull over a car that [movant] was driving and, during the chase, shots were fired from the car at police and [movant] tried to ram various police units." Id. "The court also reviewed [movant's] conviction for conspiracy to traffic narcotics and armed robbery." Id.

"The district court stated that it had considered all of the § 3553(a) factors, particularly [movant's] history, characteristics, prior criminal record, and [movant's] lack of acceptance of responsibility." Id. "The district court determined that a sentence at the bottom of the guidelines range was insufficient because [movant] had received a 15-year sentence before, had violated parole, and was serving a 6-year sentence at the time of the sentencing hearing. Thus, the district court sentenced [movant] to 228 months' imprisonment." Id.; see also Cv-DE#24-1 at 23.

Movant appealed. See generally Miller, 262 F. App'x 226. Movant generally argued that his conviction and sentence were unlawful because of: (1) cumulative evidentiary error; (2) the improper denial of his motion to continue sentencing; and (3) the unreasonableness of his sentence. Id. at 230-33. The Eleventh Circuit rejected these arguments and affirmed. Id.

---

[3] Unless otherwise noted, all page citations for docket entries refer to the page stamp number located at the top, right-hand corner of the page.

Movant filed the instant § 2255 petition on February 19, 2016. Cv-DE#1; see also Cv-DE#4. Movant's only claim is that the district court found him to be an armed career criminal under the residual clause of the Armed Career Criminal Act ("ACCA"). Cv-DE#1 at 4. Because Johnson invalidated this clause, the district court improperly found him to be an armed career criminal. See Cv-DE#4 at 13. The government has responded and movant's motion is ripe. See Cv-DE##21-22.

### III. **STANDARD OF REVIEW**

Rule 4 of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" McFarland v. Scott, 512 U.S. 849, 856 (1994) (citation omitted); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) (per curiam) ("Rule 4(b) of [§] 2255 allows the district court to summarily dismiss the motion . . . if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]"). In reviewing a motion under Rule 4, courts must construe it liberally. See Enriquez v. Fla. Parole Comm'n, 227 F. App'x 836, 837 (11th Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## IV. DISCUSSION

Generally, federal law forbids convicted felons from possessing firearms and ammunition. See Johnson v. United States, 135 S. Ct. 2551, 2555 (2015) (citing 18 U.S.C. § 922(g)). "In general, the law punishes violation[s] of [§ 922(g)] by up to 10 years' imprisonment." Id. "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life." Id. (quoting 18 U.S.C. § 924(e)(1)). Such violators are generally referred to as "armed career criminals." See, e.g., United States v. Amos, 604 F. App'x 418, 418–19 (6th Cir. 2015) (citing 18 U.S.C. § 924(e)(1)).

Pertinently, the ACCA defines the term "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year, . . . , that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>; . . .

18 U.S.C.A. § 924(e)(2)(A) (emphasis added).

"The closing words of this definition, [underlined] above,

have come to be known as the [ACCA's] residual clause." Johnson, 135 S. Ct. at 2556. Johnson invalidated the ACCA's residual clause, holding that it was impermissibly vague. Id. at 2557-2560.

By contrast, § 924(e)(2)(A)(i) is known as the "elements clause." Beeman v. United States, 871 F.3d 1215, 1218 (11th Cir. 2017) (citation omitted). The validity of the elements clause was not "called into question by Johnson[.]" Id. at 1221. A § 2255 movant has the burden of proof on a Johnson claim. Id. at 1222.

Here, the United States contends that movant "has at least 3 prior convictions that qualify as predicates for the enhanced ACCA sentence[]" under the elements clause. Cv-DE#21 at 9; see also supra p. 2. Movant, for his part, contends that the following convictions do not fall under the ACCA's elements clause: (1) aggravated assault on a police officer; (2) resisting an officer with violence; and (3) armed robbery. Cv-DE#22 at 2-9. Therefore, because he allegedly does not have the requisite three prior violent felonies, movant concludes that the district court erroneously classified him as an armed career criminal.

Movant's prior conviction for armed robbery qualifies as a violent felony under the ACCA's elements clause. The Eleventh Circuit has consistently held that Florida armed robbery convictions are "violent felonies" under the ACCA, irrespective of the date of conviction. In re Hires, 825 F.3d 1297, 1300, 1302 (11th Cir. 2016) (panel decision) (1995 Florida armed robbery conviction is a "violent felony" under the ACCA); In re Thomas, 823 F.3d 1345, 1348-49 (11th Cir. 2016) (panel decision) (1980 and 1986 convictions for armed robbery are violent felonies under

6

the ACCA's elements clause); United States v. Fritts, 841 F.3d 937, 942 (11th Cir. 2016) ("[An] armed robbery conviction qualifies as a violent felony under the ACCA's elements clause."); United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006) ("Dowd's January 17, 1974, armed robbery conviction is undeniably a conviction for a violent felony [under the ACCA's elements clause]."). Therefore, movant has at least one qualifying prior conviction.

Furthermore, it is well established in the Eleventh Circuit that movant's prior convictions for resisting an officer with violence qualify as violent felonies under the ACCA's elements clause. United States v. Joyner, 882 F.3d 1369, 1378 (11th Cir. 2018); United States v. Deshazior, 882 F.3d 1352, 1355 (11th Cir. 2018); United States v. Hill, 799 F.3d 1318, 1322–23 (11th Cir. 2015) (per curiam); United States v. Romo-Villalobos, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam); United States v. Jones, 400 F. App'x 462, 464 (11th Cir. 2010). Therefore, because movant had two, separate prior convictions for resisting an officer with violence, supra p. 2, he has at least three (1 armed robbery + 2 resisting an officer with violence) qualifying prior convictions.

Additionally, movant's conviction for aggravated assault on a police officer qualifies as a violent felony under the ACCA's elements clause. United States v. Gandy, 710 F.3d 1234, 1237 (11th Cir. 2013) (per curiam); United States v. Johnson, 515 F. App'x 844, 847–48 (11th Cir. 2013) (per curiam); United States v. Chappelle, No. 17-12461, 2018 WL 2386020, at *3–4 (11th Cir. May 25, 2018); Flowers v. United States, No. 17-12051, 2018 WL 921553, at *3 (11th Cir. Feb. 16, 2018); see Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1338 (11th Cir. 2013). Therefore, movant has at least four qualifying prior convictions.

For these reasons, the district court did not error in classifying movant as an armed career criminal. The record does not show that the district court classified movant as an armed career criminal under the residual clause and, in any event, movant qualifies as an armed career criminal under the elements clause. Accordingly, his § 2255 motion lacks merit.

## V. **EVIDENTIARY HEARING**

Movant is not entitled to an evidentiary hearing. "[T]he motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" See 28 U.S.C. § 2255(b). In short, the preceding discussion conclusively shows that movant's claims are "patently frivolous, "based upon unsupported generalizations," and/or "affirmatively contradicted by the record." See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

## VI. **CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Id. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a movant's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). By contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Here, in view of the entire record, the court denies a certificate of appealability. If movant disagrees, he may so argue in any objections filed with the district court.

## VII. RECOMMENDATIONS

Based on the foregoing, it is recommended that movant's motion to vacate (Cv-DE#1) be DENIED; that no certificate of appealability issue; that final judgment be entered; and that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo*

9

determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. Arun, 474 U.S. 140, 148-53 (1985); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 20th day of June, 2018.

UNITED STATES MAGISTRATE JUDGE

Katherine Carmon
Federal Public Defender's Office
150 W Flagler Street
Suite 1700
Miami, FL 33130
(305) 533-4201
Email: katie_carmon@fd.org

Cary Oren Aronovitz
United States Attorney's Office
Southern District of Florida
99 NE 4th St
Miami, FL 33132
3059619131
Email: cary.aronovitz@usdoj.gov

Ilham A. Hosseini
U.S. Attorney's Office
Miami, FL 33131
305-961-9297
Email: Ilham.Hosseini@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov